UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARIM F. CZMUS, | |
| Plaintiff, | Civil Action No. 08-1675 |
| v. | OPINION |
| PATRICK MEEHAN, et al., | |
| Defendants. | |

**CHESLER, District Judge** [1]

**THIS MATTER** comes before the Court on two motions: 1) the Court's own motion to dismiss the Complaint for frivolousness, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and 2) the motion for reconsideration by Defendant United States of America. For the reasons stated below, the Complaint will be dismissed *sua sponte*, and the motion for reconsideration will be denied as moot.

## BACKGROUND

On April 8, 2008, Plaintiff filed a motion to proceed in forma pauperis. On April 9, 2008, Judge Dalzell of this Court granted the motion. On April 15, 2008, after the Court became aware that Judge Dalzell's name was included on the Complaint's list of over 2500 named defendants, Judge Dalzell recused himself. On July 23, 2008, Defendant United States of America moved for reconsideration of the Court's screening decision under 28 U.S.C. § 1915; no

---

[1] District Judge of the District of New Jersey, sitting by designation

opposition has been filed. On August 25, 2008, the Third Circuit designated the undersigned to sit by designation to hear this case.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), when a plaintiff proceeds in forma pauperis, "the court shall dismiss the case at any time" if it determines that certain conditions are met, including that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. . . [F]rivolousness is a decision entrusted to the discretion of the court entertaining the in forma pauperis petition." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

## DISCUSSION

The Complaint states 37 counts against over 2500 defendants, some of whom are employees of the government: the Complaint specifically identifies a set of defendants as employees of the Office of the Unites States Attorney for the Eastern District of Pennsylvania, as well as the Division of Homeland Security. The remaining named defendants are listed in Exhibit A to the Complaint; many – surely at least 2000 – are not specifically referenced in the body of the Complaint.

Plaintiff alleges that, in 1999, he consulted Defendant Gary Kramer, M.D., a psychiatrist, which resulted in his agreeing, under duress, to an admission to a psychiatric hospital as an inpatient. (Compl. ¶ 16-17.) In 2003, he was involuntarily committed to a psychiatric hospital. (Compl. ¶ 18.)

The lengthy Complaint alleges numerous events, only a few of which will be mentioned

2

here. Plaintiff alleges that, at an unknown date, agents of an unspecified defendant "entered Plaintiff's home to install an elaborate surveillance system including numerous video cameras, sound devices, light devices, controlled through Plaintiff's own personal laptop computer." (Compl. ¶ 44.) Many of the agents were "long time friends and associates of the Plaintiff." (Compl. ¶ 45.) In December, 2006, Plaintiff was hired to work as an insurance agent at AMPIA, but his "potential customers were not real customers but rather Homeland Security agents who were part of the operation." (Compl. ¶ 55-56.) At another point, Plaintiff alleges that some of the customers were "members of the Federal Witness Protection Program" who would suddenly disappear. (Compl. ¶ 125, 127.) Plaintiff alleges that the businesses AMPIA and New York Life Insurance are "Homeland Security front[s]" and that managers at Bankers Life and Hartford Insurance were actually employees of Homeland Security. (Compl. ¶ 62, 63, 69.) Plaintiff purchased Hershey's chocolate, which Homeland Security agents laced with powerful sedatives. (Compl. ¶ 85.) There are many more allegations in the Complaint, but, in short, many of the facts alleged concern a far-reaching conspiracy against Plaintiff by the Department of Homeland Security.

Pursuant to § 1915, when a plaintiff proceeds in forma pauperis, "the court shall dismiss the case at any time" if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). The Supreme Court first construed the meaning of "frivolous" in § 1915 in Neitzke v. Williams, 490 U.S. 319, 325 (1989), distinguishing legally baseless claims from factually baseless ones. The Court held that § 1915 gave courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. The Court identified "claims describing fantastic or delusional scenarios" as factually

3

baseless and frivolous within the meaning of § 1915. Id. at 328.

The Court applied the Nietzke standard in Denton. 504 U.S. at 33. In Denton, the plaintiff had filed five complaints which, together, alleged twenty-eight separate incidents of rape in prison. Id. at 29. The district court determined that the cases were related and referred them to the Magistrate Judge, who found that, while each complaint alone might not be frivolous, when viewed together, the facts alleged appeared to be "wholly fanciful" and justified dismissing all five complaints for frivolousness. Id. The district court adopted the recommendation; the Ninth Circuit reversed, holding that the court could not dismiss the claims as frivolous because it was impossible for the court to take judicial notice that the rapes had not occurred. Id. at 30. On appeal, the Supreme Court reversed the Ninth Circuit, holding that the court may find the claims factually baseless "whether or not there are judicially noticeable facts available to contradict them." Id. at 33. Citing Nietzke, the Court held that the determination of frivolousness was a discretionary one and refused "to reduce the 'clearly baseless' inquiry to a monolithic standard." Id. The Court further elaborated on the "fantastic or delusional" language stated in Nietzke: "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Id.

In 1996, Congress passed the Prison Litigation Reform Act of 1995 ("PLRA"), which amended the relevant provision of § 1915. While the language in the old version had authorized courts to dismiss claims "if satisfied that the action is frivolous," the new version authorizes dismissal if the court "determines" that the action is frivolous. The Third Circuit has not changed its construction of "frivolous" in the context of § 1915 in response to this change in language; it does not affect the analysis under Denton and Nietzke. See, e.g., Roy v. United

4

States, 238 Fed. Appx. 908, 909 (3d Cir. 2007); Caesar v. Megamillion Biggame Lottery, 193 Fed. Appx. 119, 120 (3d Cir. 2006).

This Court has examined the allegations in the Complaint and determines that, viewed as a whole, the factual contentions are clearly baseless. Plaintiff's allegations that the Department of Homeland Security has engaged in a far-reaching and elaborate conspiracy against him, which has included using major insurers as fronts for its operations, are well-described as fantastic and delusional, as those terms were used by the Supreme Court in Nietzke, or as rising to the level of the wholly incredible, using the language of Denton.

Furthermore, Plaintiff has included in the case as defendants thousands of people who are not specifically referenced in the body of the Complaint. Given that no factual allegations have been made to support the inclusion of these defendants in the case, Plaintiff appears to have no factual basis for joining them. Not only is the joinder of these defendants factually baseless and, therefore, frivolous, the act of naming thousands of defendants without supporting allegations in the Complaint is itself frivolous, using the ordinary meaning of the word ("not serious"). See BLACK'S LAW DICTIONARY (8th ed. 2004).

Not every claim in the Complaint relates to the alleged conspiracy by the Department of Homeland Security. There are, for example, claims against mental health care providers for failing to uphold confidentiality obligations and engaging in malpractice. This Court, however, declines to perform the task of separating the possible wheat from the abundant chaff, so as to allow certain claims to survive this *sua sponte* dismissal. This is the most practical path to take, since this Court is dismissing the Complaint without prejudice, and Plaintiff may himself pare down and refile the Complaint with non-frivolous claims.

Furthermore, the Supreme Court's decision in <u>Denton</u> suggests that, when a court finds a Complaint frivolous as a whole and dismisses it, pursuant to § 1915(e)(2)(B)(i), it is not obligated to scrutinize it and preserve those parts of it which, had they been filed separately, might withstand a motion to dismiss for frivolousness. In <u>Denton</u>, the Magistrate Judge determined that each of the five complaints, standing alone, did not appear clearly baseless; it was only when they were viewed together that, as a whole, they were found to be frivolous. 504 U.S. at 29. Although the question of preservation of parts of the complaint was not before the Supreme Court, the Court agreed with the Magistrate Judge's analysis, and its approval of the methodology used is implicit. This Court has thus considered the Complaint as a whole and dismisses it as a whole.

The facts alleged in the Complaint rise to the level of the wholly incredible. This Court determines that the action is frivolous under <u>Denton</u> and <u>Nietzke</u> and, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), will dismiss the Complaint without prejudice.

Because this Court will dismiss the Complaint on its own motion, the motion for reconsideration by Defendant United States of America will be denied as moot.

## CONCLUSION

For the reasons stated above, this Court, on its own motion, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), **DISMISSES** the Complaint without prejudice for frivolousness. Defendant's motion for reconsideration is therefore **DENIED** as moot.

Dated: September 24th, 2008

　　　　　　　　　　　　　　　　　　　　　　s/ Stanley R. Chesler
　　　　　　　　　　　　　　　　　　　　　　STANLEY R. CHESLER, U.S.D.J.

CLOSED

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ARIM F. CZMUS, | |
| Plaintiff, | Civil Action No. 08-1675 |
| v. | ORDER |
| PATRICK MEEHAN, et al., | |
| Defendants. | |

**CHESLER, District Judge** [1]

**THIS MATTER** having come before the Court on two motions: 1) the Court's own motion to dismiss the Complaint for frivolousness, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and 2) the motion for reconsideration by Defendant United States of America; and having considered Defendant's submission, and good cause appearing,

**IT IS** on this 24th day of September 2008,

**ORDERED** that the Complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that Defendant's motion for reconsideration (Docket Entry No. 9) is **DENIED** as moot.

/s Stanley R. Chesler
Stanley R. Chesler
United States District Judge

---

[1] District Judge of the District of New Jersey, sitting by designation